IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:04-CV-36-BO

| | |
|---|---|
| HOLLY LYNN KOERBER, *et al*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) ORDER<br>) |
| LARRY LEAKE, *et al*, | )<br>) |
| Defendants. | )<br>)<br>) |

This matter is before the Court on Plaintiff's Motion to Lift Stay and for Partial Summary Judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, and Defendant's Motion to Dismiss. A hearing was held on June 6, 2007, and the matter is now ripe for ruling. For the reasons stated below, Plaintiff's Motion to Lift the Stay is GRANTED; Defendant's Motion to Dismiss is GRANTED; Plaintiff's Motion for Partial Summary Judgment is DENIED as MOOT; and this matter is DISMISSED.

PROCEDURAL HISTORY

On September 9, 2004, The State Board of Elections of North Carolina voted to impose a civil penalty of $196,260.42 on Plaintiffs, the Republican Governors Association ("RGA"), after determining that they were a political committee subject to North Carolina campaign finance statutes. The State Board received information that the RGA was continuing to run advertisements, and conducted a further hearing on October 14, 2004. There, the State Board ordered the RGA to cease and desist receiving contributions and making expenditures while delinquent under the reporting requirements.

On October 21, 2004, Plaintiffs filed suit in this Court, seeking to enjoin the State Board from enforcing the campaign finance statutes. The same day, the Court granted the temporary restraining order. Five days later, the Court conducted a preliminary injunction hearing. On October 28, 2004, the Court granted Plaintiffs' motion for a preliminary injunction, enjoining Defendants from: treating RGA as a political committee; requiring it to register as such; or punishing it civilly or criminally for failing to register. The State Board filed a notice of appeal, and requested this Court and the Fourth Circuit to stay the injunction. The Court denied the stay.

On October 29, 2004, the Fourth Circuit remanded the matter to this Court for a determination of the applicability of the abstention doctrine, ordering this Court to hold a hearing on the matter no later than November 1, 2004. After the hearing the Court ordered that the injunction would expire at midnight that night, while holding that abstention was inappropriate. The same day, the Fourth Circuit stayed the injunction on the grounds that the Court was required to abstain from the decision.

On December 8, 2004, Defendants filed their Motion to Dismiss on the Grounds of Abstention. The Court stayed the action on January 18, 2005, stating that abstention was proper in light of the Fourth Circuit ruling, and the matter was stayed instead of dismissed because Plaintiffs sought monetary damages, a remedy unavailable in state proceedings.

In state court proceedings, an Administrative Law Judge ("ALJ") granted summary judgment for the Plaintiffs, holding that the political committee determination was erroneous as a matter of state law. On November 18, 2006, the State Board entered its final decision granting summary judgment for Plaintiffs. Plaintiffs petitioned for review in the Superior Court of Wake County, and found that the State Board was deemed to have adopted the ALJ's decision, because

2

the final decision was untimely. The State Board filed, but voluntarily withdrew its appeal of that decision to the North Carolina Court of Appeals. On March 2, 2007, the Superior Court of Wake County denied Plaintiffs' petition for attorney's fees.

ANALYSIS

Presently before the Court is Plaintiffs' Motion to Lift Stay and for Partial Summary Judgment, filed February 13, 2007. The Court stayed this matter instead of dismissing it, because Plaintiff sought a remedy not available in state administrative proceedings, monetary damages. The administrative process having been concluded, it is appropriate to lift the stay and rule on Defendants' Motion to Dismiss.

This Court previously ruled, as dictated by the Fourth Circuit, that abstention on the basis of *Younger v. Harris* was appropriate.[1] 401 U.S. 37 (1971). This ruling remains the law of the case and in full binding effect. The Fourth Circuit, among others, has held that *Younger* does not require dismissal of § 1983 damage actions. *Suggs v. Brannon*, 804 F.2d 274, 279-80 (4th Cir. 1986); *see also Alexander v. Ieyoub*, 73 F.3d 709 (5th Cir. 1995); *Koohi v. United States*, 976 F.2d 1328 (9th Cir. 1992). This Court refrained from dismissing the entire case because Plaintiffs sought money damages in addition to their claims for equitable relief. However, Plaintiffs did not seek 42 U.S.C. § 1983 damages, rather they sought injunctive relief, declaratory

---

[1] *Younger* dismissed a federal case challenging the constitutionality of a state criminal prosecution "as a violation of the national policy forbidding federal courts to stay or enjoin state court proceedings." 401 U.S. at 41, 43-44 ("[C]ourts of equity should not act . . . when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief."); *see Samuels v. Mackell*, 401 U.S. 66, 73 (1971) (extending *Younger* to declaratory judgments); *Trainor v. Hernandez*, 431 U.S. 434, 444 (1977); *Oh. Civil Rights Comm'n v. Daytion Christian Sch., Inc.*, 477 U.S. 619, 627-28 (1986) (applying *Younger* to pending state administrative proceedings).

3

judgment and attorney's fees pursuant to 42 U.S.C. § 1988. Indeed, monetary damages would likely be unavailable because each of the Defendants were sued in their official capacities. *Lynn v. West*, 134 F.3d 582, 587 (4th Cir. 1998). Further, the remaining claim for monetary damages, an action for § 1988 damages, is not independently sustainable from the cause of action under § 1983. *N.C. Dep't of Transp. v. Crest Street Cmty. Council*, 479 U.S. 6, 11-12 (1986); *Horacek v. Thone*, 710 F.2d 496, 499 (8th Cir. 1983) ("[S]ection 1988 itself does not create an independent cause of action to recover attorney fees."). Thus, the Court would have dismissed the action entirely, rather than staying the proceedings, had it been aware that no sustainable claim for monetary damages existed. Because abstention is the law of the case, as determined by the Fourth Circuit and applicable to preliminary injunctive relief and declaratory judgment claims,[2] no monetary damages claim exists and the attorney's fees claims are not sustainable, this matter is DISMISSED.

Accordingly, Plaintiff's Motion to Lift the Stay is GRANTED; Defendant's Motion to Dismiss is GRANTED; Plaintiff's Motion for Partial Summary Judgment is DENIED as MOOT; and this matter is DISMISSED.

SO ORDERED, this __27__ day of July 2007.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[2] Arguably, the Fourth Circuit order dictating that abstention was proper may not apply to Plaintiff's claims for declaratory judgment. However, the Supreme Court has stated that "where an injunction would be impermissible under [abstention] principles, declaratory relief would ordinarily be denied as well." *Samuels*, 401 U.S. at 73.